[No. 19677. Department One. April 16, 1926.]

JULIO R. MADRID, *Appellant*, v. KATHERINE SCHOFIELD
et al., *Respondents*.[1]

[1] HUSBAND AND WIFE (120)—ALIENATION OF AFFECTIONS—EVIDENCE
—SUFFICIENCY. The evidence sustains a judgment dismissing
an action for alienation of affections, where it appears that the
wife repented of the marriage before the defendants discov-
ered it, and needed no persuasion to desire release from it.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered May 15, 1925, dis-
missing an action for alienation of affections, upon
directing a judgment for the defendants after a trial
on the merits to a jury. Affirmed.

*Chas. C. Curtis,* for appellant.

*Crawford E. White,* for respondents.

FULLERTON, J.—The appellant, Madrid, and Mar-
garet Schofield intermarried on July 19, 1923, at
Everett, in the county of Snohomish. At that time
both of the parties were residents of Seattle, in the
county of King. The respondents Charles Schofield
and Katherine Schofield are respectively the father
and mother of Margaret, and the respondents Anna
Schofield and Ronald Schofield are respectively her
sister and brother. The marriage was not disclosed
to either of the respondents until August 6, 1924, at
which time it was discovered accidently by Anna, and
was soon thereafter made known to the other respond-
ents. Between the time of the marriage and its dis-
closure, Margaret continued to make her home with
her parents in the same manner she was accustomed
to do before that event. Soon after the discovery of
the marriage Margaret refused to longer continue the
marriage relation.

[1]Reported in 245 Pac. 5.

[1] In this action the appellant sought to recover in damages from the respondents as for an alienation of his wife's affections. A trial of the action was begun by the court sitting with a jury, and, at the conclusion of the evidence on the part of the appellant, a challenge was interposed as to its sufficiency. The trial court sustained the challenge, and directed a judgment for the respondents.

It is our opinion that the court properly sustained the challenge. As we read the evidence, there is nothing on which a judgment against the respondents can be based. The evidence shows, undoubtedly, that the respondents, particularly the father, the mother and the sister of Margaret, exhibited some concern because of the marriage when it was disclosed to them, but we find nothing convincing that they in any way sought to induce the daughter to repudiate it or leave the appellant. Nor does their concern seem to have been directed against the appellant personally, but seems rather to have arisen because of doubts as to his race. He is not in color that usual in a person of Caucasian blood, and the respondents evidently believed, mistakenly no doubt, that he was a member of a race between whose members and members of the Caucasian race intermarriages were prohibited. At any rate, they sought to have him satisfy them as to the fact, which the appellant would not attempt to do, and the differences between them seem to have arisen over his refusal. But, more than this, the evidence is all but conclusive that Margaret herself, before the marriage was disclosed, had repented of it, and needed no persuasion to cause her to desire release from it. She was called as a witness by the appellant, and her evidence shows that the appellant, early after the marriage, disclosed traits of character which must have

led her to believe that a domestic life with him would be all but intolerable.

It would serve no useful purpose to detail the evidence. It is enough to say that it would permit of no other judgment than the one directed.

TOLMAN, C. J., MAIN, MITCHELL, and HOLCOMB, JJ., concur.